UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DONATO TORRES-MACIEL,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE NORTHWEST ICE PROCESSING CENTER,<br><br>Respondent. | CASE NO. 2:26-cv-03883-JNW<br><br>ORDER ON PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER |

Habeas Petitioner Donato Torres-Maciel's motion for a temporary restraining order ("TRO") comes before the Court. Dkt. No. 3. Torres-Maciel is detained by Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center in Tacoma, Washington. He filed his habeas petition on October 13, 2026. His motion for a TRO asks the Court to enjoin Respondents from transferring him to an ICE facility in a different district while his habeas petition is pending in this district. For the reasons stated below, the Court denies the motion with leave to renew should it become necessary.

Under Rule 65(b), "[t]he court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: . . . specific

facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and . . . the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."

Torres-Maciel argues he will suffer irreparable harm absent immediate injunctive relief because "a sudden transfer could separate [him] from [his legal] materials, disrupt communications, and create unnecessary complications concerning [his] immediate physical custody while this Court is considering [his] habeas petition directed precisely at that custody." Dkt. No. 3 at 3. The Court understands that removal proceedings can move quickly and unpredictably. And courts have recognized that transferring a habeas petitioner interferes with the orderly administration of pending litigation. *See, e.g.*, *Ramirez Clavijo v. Kaiser*, No. 25-CV-06248-BLF, 2025 WL 2419263, at *7 (N.D. Cal. Aug. 21, 2025) ("Here, the Court finds that equities strongly favor Petitioner remaining in this District pending the resolution of this matter because this will expedite resolution of this matter[.]"). However, the Court's Scheduling Order already addresses these concerns. *See Aslan v. Wamsley*, No. 2:25-CV-02698-JNW, 2026 WL 84000, at *2 (W.D. Wash. Jan. 12, 2026).

On October 13, 2026, the Court entered a Scheduling Order directing Respondents to show cause why the writ should not be granted and file a return by October 27, 2026. Dkt. No. 5. The Scheduling Order requires Respondents to provide at least 7 days' notice before any action to move or transfer Torres-Maciel from the Western District of Washington or to remove him from the United States.

This notice requirement ensures that Torres-Maciel will be able to seek emergency relief before any transfer or removal occurs. Given the expedited briefing schedule, the Court concludes that the Scheduling Order provides adequate interim protection against the harms Torres-Maciel identifies. If Respondents provide notice of an intent to transfer or remove Torres-Maciel before the Court rules on his habeas petition, he may seek injunctive relief at that time.

Accordingly, Torres-Maciel motion for a temporary restraining order, Dkt. No. 3, is DENIED WITHOUT PREJUDICE.

Dated this 14th day of October, 2026.

Jamal N. Whitehead
United States District Judge